**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMYANNE GEIGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-7292 |
| ) | |
| NAVIENT SOLUTIONS, INC. ) | |
| f/k/a Sallie Mae, Inc., ) | |
| ) | |
| Defendant. ) | |

## **PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, AMYANNE GEIGER ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., for her Complaint against NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, Inc. ("Defendant"), alleges the following:

### **INTRODUCTION**

1. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C § 227.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district, Defendant transacts business in this district, and the acts giving rise to this action occurred in this district.

### **PARTIES**

4. Plaintiff is a natural person who at times relevant resided in Chicago, Cook County, Illinois.

1

5. Defendant is a business entity with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

7. Prior to the filing of this action, Plaintiff obtained a personal line of credit from Defendant, which was used for educational expenses ("student loan").

8. Sometime thereafter, Defendant began placing telephone calls to (312) 399-01xx, which is Plaintiff's cellular telephone number, and to Plaintiff place of employment.

9. Defendant has been assigned multiple telephone numbers from its telephone provider(s) which were used to place telephone calls to Plaintiffs including, but not limited to, 765-283-3227, 302-283-4088, 765-283-3253.

10. Upon information and belief based on, *inter alia*, the frequency, number, and nature of the calls, all of Defendant's telephone calls to Plaintiffs were placed using an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

11. On May 13, 2014, at around 7:50 a.m., Plaintiff called Defendant at 877-809-8533 and spoke with one of Defendant's employees, an individual identifying herself as Liz.

12. Plaintiff informed Defendant to stop calling her cell phone.

13. Plaintiff revoked an permission, actual or implied, to call use an auto dialer to call her cell phone.

14. Defendant continued to use an auto dialer to call Plaintiff's cell phone after May 13, 2014.

15. Defendant knowingly, voluntarily and willfully used an auto dialer to call Plaintiff's cell phone.

16. Defendant intended to use an auto dialer to call Plaintiff's cell phone.

17. Since May 13, 2014, Defendant has used and auto dialer to call Plaintiff's cell phone at least one hundred eleven (111) times.

18. Plaintiff is annoyed and feels harassed by Defendant's repeated calls to her cellular telephone after she instructed Defendant to stop.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

19. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, AMYANNE GEIGER, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. f/k/a SALLIE MAE, INC., for the following:

21. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

22. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

23. All court costs, witness fees and other fees incurred;

24. Any other relief that this Court deems appropriate.

Dated: September 18, 2014　　　KROHN & MOSS, LTD.

　　　　　　　　　　　　　　　By: /s/ <u>Adam T. Hill</u>
　　　　　　　　　　　　　　　　　Adam T. Hill
　　　　　　　　　　　　　　　　　KROHN & MOSS, LTD.
　　　　　　　　　　　　　　　　　10 N. Dearborn St., 3rd Fl.
　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　Telephone: 312-578-9428
　　　　　　　　　　　　　　　　　Telefax: 866-861-1390
　　　　　　　　　　　　　　　　　ahill@consumerlawcenter.com
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff